UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COUNTRY PREFERRED INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HURLESS and HEATHER HURLESS, husband and wife, and the marital community composed thereof,<br><br>Defendants. | CASE NO. C11-1349RSM<br><br>ORDER ON MOTION FOR RECONSIDERATION |

Defendants have moved for reconsideration of the Court's September 7, 2012 Order granting summary judgment to plaintiff on certain counterclaims. Dkt. # 43. Such motions are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier. . . ." Local Rule CR 7(h)(1). The Court directed plaintiff to file a response to the motion, pursuant to Local Rule CR 7(h)(3). Plaintiff's response contains a motion to strike the declarations of Kenneth LeMaster, the arbitrator at the arbitration hearing that preceded this case, and Richard Kilpatrick, defendants' expert on claims handling practices.[1] The Court shall grant the motion to strike, and has not considered either

---

[1] Subsequent to the filing of the motion for reconsideration and the Declaration of Richard Kilpatrick and errata thereto (Dkt. ## 45, 53), Mr. Kilpatrick has appeared as counsel of record for defendants. Dkt. # 66. This association was not originally a basis for plaintiff's motion to exclude his testimony, but was raised in a supplemental memorandum. Dkt. # 67. This memorandum and defendants' subsequent responses and declarations (Dkt. ## 69, 76, 79, 80) are all untimely and improper, and the Court STRIKES them.

ORDER - 1

declaration, as neither is relevant to the issues presented in the Order which is under reconsideration. For the reasons set forth below, the motion for reconsideration shall be denied.

In the Order contested by defendants, the Court considered plaintiff's motion for summary judgment on four of defendants' counterclaims. Defendants have not clearly identified what aspect of the Order it seeks to have reconsidered, and have not filed a proposed Order to guide the Court in determining the specific relief sought. But it appears from defendants' arguments and assertions that it challenges the Court's grant of summary judgment and dismissal on defendants' two counterclaims under the Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015.

Defendants contend that "the Court has erred in two crucial respects: (1) it has granted summary judgment on a basis not raised by Country; and (2) it has resolved a genuine issue of material fact." Motion for Reconsideration, Dkt. # 44. Defendants' motion misconstrues the reach of the Court's Order, arguing that the Court improperly decided facts relating to the reasonableness of the claims handling process. That is not the case. The Court's ruling is limited to a decision on the merits of the IFCA claim, and does not extend to the reasonableness of the claims handling process. The Court, citing the rule that the IFCA "provides a remedy for the unreasonable denial of a claim for coverage or denial of benefits" simply found that the evidence of record demonstrates that Country neither denied coverage nor denied payment of benefits, but rather disputed the amount of benefits due. Order, Dkt. # 43, pp.6-10, quoting *Haley v. Allstate Insurance Company*, 2010 WL 4052935 at *7 (W.D.Wash. 2010) and citing RCW 48.30.015(1).

Defendants also attempt to re-argue the facts based on the submitted declarations, which the Court has stricken as not relevant. Motion for Reconsideration, Dkt. # 44, p. 2. The Court notes that even if these two declarations had not been stricken, they could not provide a basis for reconsideration, as they do not constitute new facts which could not have been brought to the Court's attention earlier. Local Rule CR 7(h)(1).

Finally, defendants contend that the Court has erred by granting summary judgment on a "disputed factual issue that Country never raised, improperly subverting Country's legal obligation to investigate the Hurless claim . . . " Motion for Reconsideration, Dkt. # 44, p. 3. Defendants apparently

ORDER - 2

take issue with the Court's review of the medical records on file and the inferences drawn from the gaps, vagueness, and inconsistencies in those records.  This review led to the conclusion that "the Court cannot find that the 15-month interval between accident and payment, a delay motivated by a reasonable dispute as to the amount of wage loss, constitutes a denial of payment of benefits so as to trigger the IFCA." Order, Dkt. # 43.   Defendants cite a 1989 Seventh Circuit case for the proposition that the Court was precluded from granting summary judgment on facts not raised by the parties. *Id*., p. 4, *quoting Edwards v. Honeywell Inc.*, 960 F. 2d 673, 674 (7th Cir. 1992).   However, this review of the medical records was proper under Rule 56, which provides that on summary judgment, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed.R.Cvi.P. 56(c)(3).

     Defendants also attempt to present facts from the stricken declarations to demonstrate that "whether Country acted reasonably is a hotly disputed question of fact."  Motion for Reconsideration, Dkt. # 44, p. 4.   However, as noted above, any determinations of "reasonableness" in the Order are limited to the merits of the  IFCA claim and the reasonableness of the 15-month interval between accident and payment.  During that time plaintiff requested evidence from defendants to document the amount of disability and consequent wage loss.  The Court reviewed the medical records presented with the summary judgment motion, whether they were cited by the parties or not, to make that determination, noting that

> [n]owhere have defendants pointed to actual evidence that they provided to Country, during the period leading up to the arbitration, which would demonstrate the level of Mr. Hurless' impairment from the accident, or [indicate] that it was medically determined to be permanent at that level.

Order, Dkt. # 43, p. 7.  These are facts which appear in the record, upon which the Court could properly draw a legal conclusion under Rule 56(c)(3).

     Defendants' motion for reconsideration (Dkt. # 44) is accordingly DENIED.

     DATED September 18, 2012.

RICARDO S. MARTINEZ  
UNITED STATES DISTRICT JUDGE

ORDER - 3