UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COUNTRY PREFERRED INSURANCE COMPANY, an Illinois corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT HURLESS and HEATHER HURLESS, husband and wife, and the marital community composed thereof,<br><br>    Defendants. | CASE NO. C11-1349RSM<br><br>ORDER ON PENDING MOTIONS |

The Court, having reviewed the file in this matter, does now find and ORDER:

(1) On July 5, 2012, defendants filed a motion for reconsideration, to which the Court directed a response. Dkt. ## 44, 50. While the motion has been pending, the parties have filed a number of motions and documents which are improper under the Local Rules of this Court. Among these are the parties' Rule 26(a)(2)(B) expert witness disclosures and attached reports, filed at Dkt. ## 57, 58, 63, 64, and 65. Pursuant to Fed.R.Civ.P., expert witness disclosures and reports are to be exchanged between the parties only, with the timing governed by the Court's Scheduling Order. They are not to be filed with the Court, unless they are attached to a declaration in support of or opposition to a motion. The

ORDER - 1

1 Court will accordingly disregard these disclosures.

2 (2) This determination renders defendants' motion to strike the expert report of Danette K. Leonardi (Dkt. # 59) moot. The Clerk shall STRIKE this motion (Dkt. # 59) from the Court's calendar, and the Court shall not consider the expert report in conjunction with any motion or memorandum in opposition to a motion.

6 (3) Plaintiff has moved to strike character witnesses identified by defendants in the course of disclosures as witnesses who could testify to the reputation and "work ethic" of their former attorney, who is now deceased. Dkt. # 71. Plaintiff argues that these character witnesses should be excluded because their proposed testimony is inadmissible and not relevant to the issues in this case, and it should not have to go to the expense of deposing them. *Id*., pp. 1-2.

11 Although this motion is in the nature of a motion in limine and therefore governed by Local Rule CR 7(d)(4), the Court shall rule on it at this time in the interest of economy. The Court agrees with plaintiff that the proposed testimony of these character witnesses is not relevant and inadmissible, whether under FRE 406 or otherwise. Plaintiff's motion to exclude these character witnesses (Dkt. # 71) is accordingly GRANTED.

16 DATED this 18 day of September 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

28 ORDER - 2